IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JUNKERMIER, CLARK, CAMPANELLA, STEVENS, P.C., DRAGGIN' Y CATTLE COMPANY, INC., and ROGER and CARRIE PETERS, individuals,<br><br>Defendants. | CV 14–83–GF–BMM<br><br>AMENDED ORDER |

Defendants Junkermier, Clark, Campanella, Stevens P.C. ("JCCS"), Draggin' Y Cattle Company, Inc. ("Draggin' Y"), and Roger and Carrie Peters ("Peters") (collectively "Defendants") have filed a motion for judgment on the pleadings, or in the alternative, a motion to stay the proceedings pending the state

-1-

court remand proceedings in accordance with *Draggin' Y Cattle Co. v. Junkermier, Clark, Campanella, Stevens, P.C.*, 439 P.3d 935 (Mont. 2019) ("*Draggin' Y IV*").

I.  **Background**

Plaintiff New York Marine and General Insurance Company ("NYM") filed this action for declaratory judgment and breach of contract regarding an insurance policy with its insured, JCCS. (Doc. 1.) JCCS executed a $10,000,000 stipulated judgment in favor of Defendants Draggin' Y and Peters to settle a professional malpractice lawsuit filed in state court. *Id*. NYM seeks a declaration that it remains not liable for the stipulated judgment. *Id*. at 12. NYM claims that it possesses no further duties to its insured, JCCS. *Id*. at 13. NYM alleges that it holds no obligation to pay the stipulated judgment based on JCCS's breach of the terms and conditions of its insurance policy. *Id*.

Defendants filed a Rule 12(c) Motion for Judgment on the Pleadings and an Alternative Motion to Stay Proceedings on May 22, 2019. (Doc. 307.) Defendants ask the Court to take judicial notice of the recent Montana Supreme Court decision in *Draggin' Y IV*. (Doc. 301.) Defendants contend that *Draggin' Y IV* affirmatively controls the issues pending in this case. *Id*. at 2. NYM filed a Motion in Opposition to the Motion for Judgment on the Pleadings and requested that this Court grant emergency relief. (Doc. 321.)

The Court conducted a hearing on these motions on June 11, 2019. (Doc. 307.) For the reasons discussed below, the Court denies Defendants' motion for judgment on the pleadings and similarly refuses to stay these proceedings.

**II.     Legal Standard**

A court may issue a judgment on the pleadings after the pleadings have closed, but not within such time as to delay trial. Fed. R. Civ. P. 12(c). A court must assume as true the allegations contained in the nonmoving party's pleadings. *Rubin v. United States*, 904 F.3d 1081, 1083 (9th Cir. 2018). In order for a party to prevail on a 12(c) motion a complaint must lack a cognizable legal claim or fail to allege facts sufficient to support a cognizable legal theory. *Dworkin v. Hustler Magazine Inc.*, 867 F.3d 1188, 1192 (9th Cir. 1989); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A court must resolve all doubts in favor of the nonmoving party. *Religious Tech Ctr. v. Netcom On-Line Comm. Svcs., Inc.*, 907 F. Supp 1361, 1381 (N.D. Cal. 1995) (*citing Hal Roach Studios v Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990)).

A court may stay its proceedings at its discretion.  District courts possess the inherent power to control their dockets and promote the efficient use of their resources. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A party that seeks a stay "must make clear the hardship or inequity in being required to go

forward." *Id.* at 255. And "only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*

The Ninth Circuit has refined the standards for granting a stay. *Western Sec. Bank v. Schneider Ltd. P'ship*, No. CV-15-10-BLG-SPW-CSO, 2015 WL 2127211 (D. Mont. May 6, 2015). "[S]tays should not be definite in nature and should not be granted unless it appears likely the other proceeding will be concluded within a reasonable time*.*" *Id.* at *8 (*citing Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)). A court may "appropriately enter stay orders where a party seeks only damages, does not allege continuing harm, and does not seek injunctive or declaratory relief since a stay would result only in delaying monetary recovery." *Western Sec. Bank* at *8 (*citing Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). A stay remains appropriate if resolution of issues in the other proceeding may assist in resolving the proceeding sought to be stayed. *Western Sec. Bank* at *8 (*citing Lockyer* at 1110-1111). A stay proves appropriate "for courts' docket efficiency and fairness to the parties pending resolution of independent proceedings that bear upon the case." *Western Sec. Bank* at *8-9 (*citing Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir.1979)).

## III. Discussion

Defendants assert that the Montana Supreme Court decision in *Draggin' Y IV* somehow defeats NYM's declaratory judgment. (Doc. 308 at 14.) Defendants argue that the Court must dismiss NYM's breach of contract claim. *Id.* at 16. NYM intervened as party in *Draggin' Y IV* on appeal to challenge the state district court's reasonableness determination of the underlying stipulated judgment. *Draggin' Y IV*, 439 P.3d at 904. Defendants contend that NYM effectively rendered the issues presented in this declaratory judgment action in federal court interdependent and inseparable from the state court proceedings. (Doc. 308 at 14-16.) In particular, Defendants point to NYM's efforts to challenge the reasonableness and enforceability of the stipulated judgment in *Draggin' Y IV*. *Id.*

NYM counters that *Draggin' Y IV* did not affect its declaratory judgment or breach of contract claims as these claims remain separate and independent from the state court proceedings. (Doc. 321 at 12-13.) NYM asserts that the *Draggin' Y IV* addressed a tort action between Draggin' Y and JCCS. *Id.* This federal case remains a declaratory judgment and breach of contract claim brought by NYM against Defendants. *Id.* NYM contends that *Draggin' Y IV* did not address any issues regarding its liability to JCCS or the other Defendants. *Id.* at 14.

Montana law provides to an insured an independent cause of action against its insurer for violations of its duties. Mont. Code. Ann. § 33-18-242(1). Under Montana's Unfair Trade Practices Act ("UTPA") an insurer cannot be liable "if the insurer had a reasonable basis in law or fact for contesting the claim or the amount of the claim." Mont. Code. Ann. § 33-18-242(5). Such determinations remain a question of fact and the insured possesses the burden to prove a violation of the UTPA. *Draggin' Y IV*, 439 P.3d at 942 (citations omitted). In addition to providing a private cause of action for violations of certain duties under the UTPA, the act preserves the common-law right to bring a breach of contract claim. *Draggin' Y IV*, 439 P.3d at 942-43 (*citing* Mont. Code. Ann. § 33-18-242(3)).

Every insurance contract includes a covenant of good faith and fair dealing. The Montana Supreme Court has recognized that this covenant imposes a duty upon the insurer to accept a reasonable offer within policy limits. *Gibson v. W. Fire Ins. Co.*, 682 P.3d 725, 730 (Mont. 1984). Generally "the insurer must give the insured's interest as much consideration as it gives its own interest." *Id.* In some cases determining whether an insurance company has violated its duty to the insured requires an examination of what the parties knew at the time that they took the contested actions. *Draggin' Y IV*, 439 P.3d at 943 (*citing Shilhanek v. D-2 Trucking Inc.*, 79 P.3d 1094 (Mont. 2003)).

The Montana Supreme Court recognized that an insured cannot determine unilaterally that such violations have "occurred in order to justify a stipulated settlement that would be presumptively enforceable against the insurer in the underlying liability case or in subsequent litigation." *Draggin' Y IV*, 439 P.3d at 943. The Montana Supreme Court observed that "[t]he facts of this case provide an illustrative example of why insureds cannot use the underlying liability case to bind an insurer to stipulated amount when they allege that the insurer failed to affirm coverage in a reasonable time." *Id*.

A reasonableness hearing fails to qualify as a trial on the merits of the insured's claim against the insurer. *Id*. at 944. A reasonableness hearing under Montana law simply allows the insurer to challenge only the whether the settlement amount proves reasonable or the product of collusion. *Id.* (citations omitted). A reasonableness hearing seeks to ensure that there has not been any "mischief in the settlement negotiations." *Draggin' Y IV*, 439 P.3d at 944 (*citing Tidyman's Mgmt. Servs. v. Davis*, 330 P.3d 1139, 1154 (Mont. 2014). The Montana Supreme Court explicitly did not express any opinion regarding the enforcement of the stipulated judgment against NYM because it was "not at issue" in *Draggin' Y IV*. *Draggin' Y IV*, 439 P.3d at 945.

The issue of enforcement stands squarely before this Court. The Montana Supreme Court determined in *Draggin' Y IV* that the district court improperly deemed reasonable the stipulated agreement between the Defendants. *Id.* at 937. NYM intervened to challenge the district court's conclusion that NYM had failed to settle in good faith and that NYM's actions equated to abandoning its insured. *Id.* at 940. The Montana Supreme Court determined that NYM had defended its insured throughout the litigation in question. *Id.* When an insurer has provided a defense to its insured, a district court may not approve as presumptively reasonable a stipulated judgment under Montana law against the insurer when the insured executed the agreement without the consent or participation of the insurer. *Id.* at 946.

NYM alleges that JCCS breached its insurance contract when it entered into a stipulated agreement with the other Defendants without consent or participation of NYM. (Doc. 1 at 14-15.) *Draggin' Y IV* makes clear that in a dispute between an insurer and the insured the underlying liability must be resolved in a separate breach of contract claim or UPTA action. *Draggin' Y IV,* 439 P.3d at 943. NYM brought such a separate breach of contract claim against Defendants in this Court in 2014. (Doc. 1.)

### A. Motion for Judgment on the Pleadings

The Court assumes as true all allegations plead by NYM in determining that NYM's Complaint states a cognizable breach of contract claim. (Doc. 1.) NYM alleges that Defendants colluded to enter into a settlement agreement and stipulated judgment against NYM for $10,000,000. (Doc. 1 at 8-10.) In pertinent part the Complaint alleges as follows:

> JCCS threatened that, if Plaintiff did not immediately (within hours) agree to these conditions, they would execute settlement documents with Draggin' Y and the Peters in which Addink and JCCS would stipulate to a $10 million judgment against them, enter into a covenant not to execute against that judgment and assign to Draggin' Y and the Peters all rights against Plaintiff. (Doc. 1 at 9.)

NYM asks this Court to declare that it remains not liable for the stipulated judgment executed by Defendants. *Id.* at 12. NYM contends that JCCS intentionally executed the stipulated agreement in contravention to the insurance policy issued by NYM. *Id.* at 2. A determination of whether Defendants colluded to assign the liability for stipulated agreement against NYM presents a question of fact for the trier of fact to resolve. JCCS has failed met its burden of refuting NYM's allegations regarding collusion as necessary to succeed on its motion for judgment on the pleadings.

NYM seeks to recover damages that it alleges to have incurred and will continue to incur as a result of JCCS's alleged breach of the insurance contract. *Id.* at 14. NYM argues that Defendants' entrance into the stipulated agreement constituted a breach of its contractual obligations when it obstructed NYM's defense of the underlying action. *Id.* at 14. NYM asserts that it "vigorously" defended JCCS and "repeatedly advised [JCCS] that it was, and remains, willing to negotiate a settlement of the underlying action based on the merits of the case" before the Defendants' breach. *Id.* 14. NYM previously instructed JCCS to "refrain from making any payment, admitting liability, settling any claim, assuming any obligation, waiving any rights or incurring any defense expenses without Plaintiff's prior written approval." *Id.* NYM claims that JCCS's execution of the stipulated agreement and assignment of its rights to the $10,000,000 judgment against NYM effectively breached the contract. *Id*. at 14-15.

JCCS fails to show that NYM's Complaint lacks a cognizable legal claim. Resolving all doubts in favor of the nonmoving party the Court determines that JCCS is not entitled to judgment on the pleadings.

### B. Alternative Motion to Stay Proceedings

Defendants alternatively ask the Court to stay this case pending the outcome of the state court proceedings. (Doc. 308 at 20.) Defendants acknowledge that "[i]t

may be true that the Montana Supreme Court did not consider precisely the same issues as here" and that "[t]he Montana Supreme Court's directive in *Draggin' Y IV* [was] without any reference to these federal court proceedings[.]" *Id.* at 21-22. Defendants nevertheless request that the Court issue a stay in this case on the basis that the state and federal proceedings remain inseparably intertwined. *Id.* at 5. The Court disagrees.

The Court concludes that a stay in this case would not by appropriate under the *Landis* factors. *Landis*, 299 U.S. at 254. A stay in this case may prove to be indefinite in nature. This case has been pending for more than four years and already has been delayed numerous times. Defendants have failed to make clear "the hardship or inequity in being required to go forward." *Id.* at 255. The Montana Supreme Court order remanding the state action back to the district court does not impact these proceedings. The resolution of the state action will not assist in resolving the issues in this case. A stay will not promote efficiency or fairness for the parties. Defendants have failed to establish the rare circumstances that would require a litigant in one cause "to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*

The parties have bombarded the Court with a blizzard of 335 filings, motions, requests, and amended complaints. The Court denied Defendants' first motion to dismiss on May 21, 2015. (Doc. 40.) The Court denied Defendants'

second motion to dismiss, first motion for summary judgment, and first motion to certify a question to the Montana Supreme Court on October 1, 2015. (Doc. 86.) The Court stayed these proceedings to allow Defendants to pursue litigation in the Montana state courts on April 6, 2016. (Doc. 225.) Three trips to the Montana Supreme Court since the Court issued its stay have failed to result in success for Defendants. The Court has expended hundreds of hours of time attempting to resolve the myriad of legal issues presented by the parties.

The Court fails to grasp Defendants' view that the decision of the Montana Supreme Court in *Draggin' Y IV* somehow leaves open hope that NYM should be liable for the stipulated judgment at issue in a possible fourth appeal on this issue. The Court took judicial notice of the Montana district court's June 17, 2019 Amended Findings of Fact, Conclusions of Law and Order after Remand, Montana Eighteenth Judicial District Court, Gallatin County, Case No. DV-11-87. (Doc. 325.) The Court likewise fails to grasp the Montana district court's apparent interpretation of the reversal in *Draggin' Y IV* as arising solely from the district court's improper presumption of the reasonableness of the $10,000,000 stipulated judgment. The Court instead interprets *Draggin' Y IV* as a rebuke of the notion that an insured unilaterally can determine that an insurer effectively has abandoned its duty to defend when the insurer has provided a defense and continues to provide a defense. The Montana Supreme Court stated as much: "The facts of this case

*provide an illustrative example* of why insureds cannot use the underlying liability case to bind an insurer to a stipulated settlement amount when they allege that the insurer failed to affirm coverage in a reasonable time." *Draggin' Y IV*, 439 P.3d at 943 (emphasis added).

The Court declines to allow the parties to use its docket as a placeholder for potential future litigation. This Court properly possesses jurisdiction over NYM's breach of contract and declaratory judgment claims to address whether NYM affirmed coverage in reasonable time as it alleges, or whether NYM effectively abandoned its insured as Defendants contend. All pleadings, motions, and discovery relating to those claims remain before this Court. The state court has not addressed these claims. The Court declines to stay these proceedings under these circumstances and the case will proceed to trial as scheduled on November 12, 2019.

I. **Conclusion and Order**

NYM has sufficiently plead factual allegations to establish a cognizable legal claim against Defendants. Defendants are not entitled to judgment as a matter of law. If any doubt exists it must be resolved in favor of NYM as the nonmoving party.

**IT IS ORDERED** that Defendants Motion for Judgment on the Pleadings is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants alternative Motion to Stay Proceedings is **DENIED**.

DATED this 24th day of July, 2019.

_____
Brian Morris
United States District Court Judge