Marshal Mickelson
Corette Black Carlson and Mickelson P.C.
129 W. Park Street, Suite 300
Butte, MT 59701
Phone: (406) 782-5800
Facsimile: (406)723-8919
Email: mmick@cpklawmt.com
*(Attorneys for Marra, Evenson & Levine, P.C., Non-Party)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | |
| Plaintiff, | **Cause No. CV-14-00083-BMM** |
| | **Cause No. CV-19-00034-BMM** |
| vs. | |
| JUNKERMIER, CLARK, CAMPANELLA, STEVENS, P.C., DRAGGIN'Y CATTLE COMPANY, INC., and ROGER and CARRIE PETERS, individuals, | **NON-PARTIES' RESPONSE BRIEF IN OPPOSITION TO NEW YORK MARINE'S MOTION TO ENFORCE THE COURT'S PRIOR ORDER TO PRODUCE DOCUMENTS** |
| Defendants. | |
| DRAGGIN'Y CATTLE COMPANY, INC., and ROGER and CARRIE PETERS, individuals, | |
| Plaintiffs, | |
| vs. | |
| JUNKERMIER, CLARK, CAMPANELLA, STEVENS, P.C., | |
| Defendant/Third-Party Plaintiff, | |
| vs. | |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | |
| Intervenor/Third-Party Defendant. | |

COME NOW, Non-Parties, Thomas A. Marra, Kirk D. Evenson, and Marra, Evenson & Levine, P.C. ("MEL"), and hereby submit a *Response Brief in Opposition to New York Marine's Motion to Enforce the Court's Prior Order to Produce Documents*.  New York Marine's Motion should be summarily denied as it is both procedurally and substantively improper.

## I.  BACKGROUND

On September 10, 2019, this Court ordered MEL to produce a privilege log to the court of any documents that MEL considered to be protected by the attorney-client privilege and work-product doctrine on or before October 30, 2019.  (Doc. 379)  On October 22, 2019, this Court reiterated its Order that MEL was required to produce to the Court the relevant documents that were subject to MEL's attorney-client privilege and work-product objections and to file a corresponding privilege log with the court by October 30, 2019.  (Doc. 410)  On October 30, 2019, MEL filed a privilege log with this Court, produced the documents referenced in the privilege log to this Court for its inspection and produced all non-privileged documents to New York Marine ("NYM").   As a result, MEL completely complied with this Court's Orders.

Contrary to NYM's misrepresentation, MEL has provided all documents in the manner required by this Court's Orders.  NYM misrepresents that the documents

required to be produced by MEL pursuant to this Court's Orders have not been provided.  MEL has not withheld any documents.

Given MEL's complete compliance with this Court's Orders, NYM's *Motion to Enforce* this Court's Orders is meritless.  NYM's *Motion* is procedurally defective as it is a motion that does not exist under the Federal Rules of Civil Procedure. NYM filed a motion without complying with the proper procedural requirements of seeking relief with regard to an issue that is subject to Rule 45 F.R.Civ.P. NYM's *Motion* misstates the Montana law that is applicable to the attorney-client privilege and work-product doctrine.  NYM's *Motion* should be summarily denied.

## II. DISCUSSION

**A. NYM's Motion To Enforce Is Procedurally Defective.**

There is no procedural mechanism under the Federal Rules of Civil Procedure for a motion that is titled "Motion to Enforce the Court's Prior Orders."  Tellingly, NYM fails to cite any procedural rule or case law to support such a motion.  A motion to compel is the appropriate procedural mechanism and its requirements with respect to a non-party are set out at Rule 45(d), F.R.Civ.P.

With respect to Rule 45(d), F.R.Civ.P., an attorney issuing a subpoena has a duty to avoid causing undue burden on or expense to the recipient or any other person.  *Virginia Dep't Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). (Duty encompasses burdens on any person.); *Legal Voice v. Storman's, Inc.*,  738 F.3d

3

1178, 1185 (9th Cir. 2013)  The court must enforce this duty and must impose an appropriate sanction, which may include attorney fees and lost wages, on a party or attorney who fails to comply with this duty.  *Legal Voice*, 738 F.3d at 1185; *Castleberry v. Camden Cty.*, 331F.R.D. 559,556 (S.D.Ga. 2019).  A person subpoenaed to produce documents or things or to permit an inspection may serve an objection to all or part of the subpoena within 14 days after service of the subpoena (or before the time designated in the subpoena, if sooner.)  *In re: Modern Plastics Corp.*, 890 F.3d 244, 252 (6th Cir. 2018).  There is no dispute in the record that MEL complied with the law and served objections to NYM's subpoena within the appropriate timeframe.

Once an objection has been served upon the party issuing the subpoena, the subpoena recipient is not obligated to comply with the subpoena.  *U.S. S.E.C v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010)  If a subpoena recipient serves an objection to the subpoena, the serving party may file a motion to compel under Rule 37(a), F.R.Civ.P., in the court for the district where compliance is required. *P.H. Glatfelter Co. v. Windword Prospects, LTD*, 847 F.3d 452, 455, n.2 (7th Cir. 2017)  If the recipient of a subpoena to produce documents or permit inspection serves an objection and the issuing party files a motion to compel, the court must, if it grants the motion to compel, protect the responding person from significant expense resulting from compliance.  *Modern Plastics Corp*, 890 F.3d at 252; *Legal*

4

*Voice*, 738 F.3d at 1184-85; *Brewster v. City of Los Angeles et al*, 2019 WL 6620505 at *2 (D.C.C.D.Cal.).  The compensation may include wages lost because of the subpoena and may include attorneys' fees.  *Id.*; *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003).  Given the referenced law, it is evident that MEL was compliant with the law and NYM was not.  NYM did not file a motion to compel under Rule 37(a), F.R.Civ.P., as required by Rule 45, F.R.Civ.P., and the applicable case law.  Nor has NYM remotely satisfied the requirements of a Rule 37(a), F.R.Civ.P., motion, so that even if NYM asserts substance over form with respect to the title of the motion, the procedural requirements of Rule 37(a), F.R.Civ.P., and the substance are lacking.

Motions to compel should include the disputed discovery requests and any responses as exhibits and **should contain the meet and confer certification**. *Castleberry*, 331 F.R.D. at 565-67; *Samsung Elec. Am., Inc. v. Wang Kun "Michael Chung"*, 325 F.R.D. 578, 574 (N.D.Tex. 2017).  The motion to compel must be accompanied by a certificate that the movant has in good faith conferred or attempted to confer with the other party or person in an effort to resolve the dispute without court action.  *Castleberry*, 331 F.R.D. at 366, *Samsung*, 325 F.R.D. at 594; *Patrick v. Teays Valley Trustees, LLC*, 297 F.R.D.248 (2013).   NYM's attempt at meeting and conferring was simply a letter with its demands and accusations of non-compliance which is insufficient to satisfy the requirements of

5

the law precluding the filing of a motion. *Id.*  A mere letter exchange may serve to

initiate the meet and confer process but, does not satisfy the substantive purpose of

the requirement under the law.[1]

In *Patrick v. Teays Valley Trustees*, the court held:

> There is no need for the Court to reach the merits of Defendant's
> Motion to Compel because Defendant failed to confer with Plaintiffs'
> prior to filing the Motion as required by Federal Rule of Civil
> Procedure 37 and this district's Local Rules. Federal Rule of Civil
> Procedure 37 states that a motion to compel discovery "must include a
> certification that the movant has in good faith conferred or attempted
> to confer with the person or party failing to make disclosure or
> discovery in an effort to obtain it without court action." Fed.R.Civ.P.
> 37(a)(1). In *Shuffle Master, Inc. v. Bally's Grand, Inc.,* 170 F.R.D. 166
> (D.Nev.1996), the District of Nevada interpreted the good faith
> language, under the Federal Rules, to require "a personal or telephonic
> consultation during which the parties engage in meaningful
> negotiations or otherwise provide legal support for their position."
> Additionally, this District's Local Rules mandate that "[b]efore filing
> any discovery motion ... counsel for each party shall make a good
> faith effort to meet in person or by telephone to narrow the areas of
> disagreement to the greatest possible extent. It shall be the
> responsibility of counsel for the moving party to arrange for the
> meeting." L.R. Civ. P. 26.04(b). The failure to follow the requirement
> to confer, or attempt to confer, is grounds for the court to deny the
> motion to compel. *See, e.g., Ambu, Inc. v. Kohlbrat & Bunz
> Corp.,* 2000 WL 17181, at *2 (W.D.N.C.2000) (stating "the fact that
> Defendants did not confer with opposing counsel and attempt to
> resolve this dispute before filing the motion to compel is sufficient
> reason to deny the motion"); *Jayne H. Lee, Inc. v. Flagstaff Indus.
> Corp.,* 173 F.R.D. 651, 656 n. 13 (D.Md.1997) (stating that there must
> "have been good faith efforts to resolve the [discovery] dispute before
> filing the motion [to compel]").

---

1 NYM's motion was filed by an attorney with offices across the hall from MEL.

6

> " 'Good faith' under 37(a)(2)(B) contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action.... Accordingly, good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means." *Shuffle Master, Inc. v. Bally's Grand, Inc.,* 170 F.R.D. 166 (D.Nev.1996).

*Id.* at 266-67.

Regardless of NYM's failure to comply with Rules 37(a) and 45, F.R.Civ.P., before filing an improper and unfounded motion, there is also the critical matter of the necessary condition precedent to such a motion:  This Court's inspection of the documents submitted to it per its Orders that were subject to the objections set out in the privilege log that was filed per the Court's Orders on October 30, 2019.  As held by the court in *U.S. v. Board of Educ. of City of Chicago*, 610 F.Supp. 695 (1985), the document inspection is a necessary prerequisite to any subsequent action by the parties to the issue, particularly where, as here, there are issues of attorney-client privilege and the work-product doctrine:

> The work-product immunity is qualified, like the deliberative-process privilege; it protects documents prepared by counsel in anticipation of litigation. *See, e.g.,* Fed.R.Civ.P. 26(b)(3). A showing of substantial need may overcome the immunity. *Rizzo,* 97 F.R.D. at 752. The balancing test is similar to the one done for the deliberative process privilege, *id.,* and we will do the appropriate weighing when we receive the documents *in camera.* One significant additional question we must consider in this weighing process, of course, will be the

7

extent to which the memoranda contain "the mental impressions, conclusions, opinions or legal theories of an attorney." Fed.R.Civ.P. 26(b)(3). Such "mental impression" work product is "nearly absolute ... and can be discovered only in very rare and extraordinary circumstances." *In re Murphy,* 560 F.2d 326, 336 (8th Cir.1977); *see also Duplan Corp. v. Moulinage et Retordie de Chavanoz,* 509 F.2d 730, 734 (4th Cir.1974) (opinion work product is absolutely immune), *cert. denied,* 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975).

The attorney-client privilege is narrower than the work-product immunity. Indeed, like the deliberative-process privilege, it must be "strictly confined within the narrowest possible limits." *United States v. Lawless,* 709 F.2d 485, 487 (7th Cir.1983). Its elements are these:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. Wigmore § 2292.

*Id.* at 487. Contrary to the assertions of the Board, which are not supported by the cases it cites, the bar of the attorney-client privilege is absolute when it applies. *See, e.g., Lawless,* 709 F.2d at 487 (privileged information is permanently protected unless waived); 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2017 (1970) at 133. Thus, we will not engage in the above-noted balancing process with regard to the two documents which raise the attorney-client privilege issue. **Nevertheless, *in camera* inspection is appropriate to make an informed decision as to whether the privilege applies at all**. *See In the Matter of Witnesses Before the Special March 1980 Grand Jury,* 729 F.2d 489, 495 (7th Cir.1984); *Lawless,* 709 F.2d at 486, 488 (both district and appellate courts examined documents *in camera* ). **Accordingly, we will rule**

**on the availability of the privilege after seeing the two documents, taking into consideration the opposing views of the parties with respect to the issue of confidentiality, as well as the general principles embodied by the privilege.**

*Id.* at 700-701 (Emphasis supplied)

As of the date of the NYM letter initiating the meet and confer, NYM's *Motion* (Doc. 426) and this response brief, there has been no order from this Court identifying which documents, if any, need to be produced.  The parties have briefed to the Court their respective opinions regarding the application of the attorney-client privilege and work-product doctrine to MEL's file, a file that is in possession of one of the attorneys of record in this ongoing litigation.

Since MEL produced all of the documents required by this Court's Orders and in the manner required by this Court, unless and until the Court has, (as in *U.S. v. Board of Educ. of City of Chicago*), completed its document review there is no purpose to NYM's premature, improper and baseless motion.  As a result, NYM's motion should be summarily denied on procedural grounds.  As discussed below, it should also be denied on substantive grounds.

**B. The Proper Application Of Montana Law To The Documents Submitted To This Court For Its Inspection Precludes Any Relief To NYM.**

NYM, as previously noted, has repeatedly ignored the proper application of Montana law to the attorney-client privilege and the work-product doctrine with respect to the documents submitted to this Court pursuant to its Orders.  NYM filed

suit against JCCS, Draggin'Y Cattle Company and the Peters in this Court on November 20, 2014.  NYM's filing established: 1) that JCCS/Draggin'Y/Peters had a common legal interest in this litigation; and 2) that JCCS/Draggin'Y/Peters were co-litigators.  This means that all communications between counsel for these co-defendants, with obvious common legal interests created by NYM's actions, are subject to the attorney-client privilege and any work engaged in by counsel is protected by the work-product doctrine.  The applicable law is clear on this issue.

Given that Montana law governs the attorney-client privilege and the work-product doctrine, such privilege extends to JCCS communications with MEL and all JCCS attorneys, including Strauch/Harris/Paoli/Cok—Draggin'Y/Peters and JCCS' and Addinks' counsel of record—pursuant to *American Zurich Ins. Co. v. Mont. Thirteenth Judicial Dist. Court*, 2012 MT 61, 364 Mont. 299, 280 P.3d 240 (2012).[2] In *American Zurich,* the Montana Supreme Court held:

> **Attorney-client communications may be protected if disclosed to another party "where the parties undertake a joint effort with respect to a common legal interest."** . . . **Such disclosures may be privileged if communicating with the third party is "***necessary* **for the client to obtain informed legal advice.**" . . . **These third parties may be co-litigants, or other professionals assisting the attorney in representing the client**. . . .Known variously as "joint defense agreements," the "joint prosecution privilege," or **the "common interest doctrine," the shared privilege generally is limited to parties involved in litigation or impending litigation, or where the**

---

2  Addink was a co-defendant with JCCS and its former employee.  Addink's counsel would be the professional sharing the defense with counsel for JCCS.

> **third party has "a common legal interest for the purpose of rendering legal advice to the client**.". . .

*Id.* at ¶ 11 (Emphasis added).

Federal courts also adhere to the same application of attorney-client communications followed in *American Zurich* as it pertains to the joint or common interest doctrines. *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D 575 (N.D. Cal 2007). Where, as here, there is a common interest in pursuing either the defense of JCCS from NYM's claims or the prosecution of the claims of JCCS against NYM, the attorney-client privilege will protect those communications to the same extent as it would communications between each client and their own attorney. *Id*. at 578. The common interest doctrine has routinely been applied to the very situation that exists here where JCCS is a co-defendant with Draggin'Y/Peters by way of NYM's action that was filed against them on November 20, 2014. *Id.* The common interest privilege even applies where the parties are only "likely" to be involved in "anticipated joint litigation." *Id.* The community of interest rationale is applicable whenever parties with common interests join together for the purpose of obtaining more effective legal assistance. *Id.*

Given that the NYM subpoenas duces tecums implicate essentially all of the communications between JCCS/MEL and Draggin'Y/Peters' Strauch/Harris/Paoli/Cok, those demands are subject to the attorney-client

11

privilege due to the joint client and common interest doctrines. Crucially, the state court-approved stipulated judgment, with its assignment and cooperation provisions, establishes both a contractual and judicially determined basis for the absolute protections afforded by the attorney-client privilege. NYM's assertions to the contrary are misrepresentations of the law as it is to be applied in this case.

This common legal interest as co-litigators is even further enhanced by the specific law regarding this relationship as established by the results from the state court proceedings. Namely, as a matter of law there is a judicially recognized agreement between JCCS/Draggin'Y/Peters that acknowledges the propriety of a duty to cooperate on the part of JCCS with Draggin'Y/Peters with respect to proceedings regarding NYM. There is a corresponding duty to defend and indemnify, as a matter of law, on the part of Draggin'Y/Peters in favor of JCCS with respect of any action taken against JCCS by NYM. MEL submits that there could not be a more established joint and common interest example of the need to adhere to the attorney-client privilege and work-product doctrine than what exists here. This also means that there is an absolute protection afforded to the communications between counsel for DragginY/Peters/JCCS/Addink and an absolute right to complete work-product immunity. *American Zurich and Nidec*, supra.

In the end, NYM's repeated efforts to circumvent the law in order to obtain communications and documents that are subject to the attorney-client privilege and work-product doctrine by way of the attorney's of record in the ongoing litigation in this case has no precedent under Montana law, nor should this case endeavor to set such a precedent.

### III.   CONCLUSION AND RELIEF SOUGHT

NYM's "Motion to Enforce" is procedurally and substantively improper. NYM has failed to comply with the Federal Rules of Civil Procedure and the applicable case law with respect to the utilization and application of Rules 37(a) and 45(d), F.R.Civ.P.  NYM has ignored Montana law regarding the attorney-client privilege and work-product doctrine in its efforts to obtain documents which are clearly subject to the attorney-client privilege and the work-product doctrine. The privilege and protections were directly caused by NYM's own actions in filing this lawsuit.  As a result, NYM's Motion should be summarily denied and MEL should be awarded attorneys' fees and costs for having to address the motion.

DATED this 3rd day of January 2020.

/s/ Marshal L. Mickelson
Corette Black Carlson & Mickelson
Attorneys for Marra, Evenson &
Levine, P.C., Non-Party

13

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that this brief complies with the requirements of Local Rule 7.1(d)(2).  The total word count in the brief is 3,030 words, excluding the caption and certificates of service and compliance.  The undersigned relies on the word count of the word processing system used to prepare this brief.

DATED this 3rd day of January 2020.

/s/ Marshal L. Mickelson
Corette Black Carlson & Mickelson
Attorneys for Marra, Evenson &
Levine, P.C., Non-Party

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 3, 2020, a copy of the foregoing was filed and served on the following persons by the following means:

| 1-5 | CM/ECF |
| ____ | Hand delivery |
| ____ | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| ____ | E-Mail |

1.   Clerk, U.S. District Court

2.   Gary M. Zadick
     UGRIN, ALEXANDER, ZADICK & HIGGINS, P.C.
     #2 Railroad Square, Suite B
     P.O. Box 1746
     Great Falls, MT 59403

14

3.      Dave Paoli
        PAOLI LAW FIRM
        257 W Front St Suite A
        Missoula, MT 59802-4351

4.      Timothy B. Strauch
        STRAUCH LAW FIRM, PLLC
        257 West Front Street, Suite A
        Missoula, MT 59802

5.      Mark C. Goodman (*pro hac vice*)
        BAKER McKENZIE LLP
        2 Embarcadero Center, Suite 1100
        San Francisco, CA 94111


                        By: /s/ Marshall Mickelson
                          Corette Black Carlson and Mickelson P.C.
                          *Attorneys for Marra, Evenson & Levine,*
                          *P.C., Non-Party*